UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RONALD A. McCORD,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA –<br>Commercial Capacity,<br><br>      Defendant. | Civil File No. 08-2006 (JNE/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, an inmate at the Hennepin County Adult Detention Center in Minneapolis, Minnesota, commenced this action by filing a self-styled handwritten complaint. (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1]  For the reasons discussed below, the Court finds that this action should be summarily dismissed pursuant to § 1915A(b).

I. BACKGROUND

Plaintiff alleges that "[o]n or about September 18, 2006, an order of detention was issued" against him, because he "was charged with violating State of Minnesota's

---

[1] Plaintiff did not tender the statutory filing fee of $350.00 with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff's IFP application indicates that he might be unable to pay even the initial partial filing fee that prisoners are required to remit pursuant to 28 U.S.C. § 1915(b)(1). Based on the limited information in the IFP application, the Court finds, for present purposes only, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

commercial law chapter 609."[2] Most of the rest of Plaintiff's complaint consists of vague and unintelligible assertions. For example, it is alleged that --

> "Ronald Aaron McCord was brought before the District Court in connection with RONALD AARON MCCORD and is the actual party that has been seized/detained instead of RONALD AARON MCCORD whom is the actual charged party and whom the order was issued against."

(Id., p. 1, ¶ 3.)

It is further alleged that –

> "State of Minnesota brought its action before the District Court under title 28 U.S.C. 1356 which grants to the courts of the States jurisdiction of any seizure under any law of the United States within admiralty and maritime jurisdiction and title 28 U.S.C. 1333(1) which grants the option to file an admiralty and maritime claim in a nonadmiralty court in which the reverse-Erie doctrine is required to be applied."

(Id., pp. 1-2, ¶ 4.)

Plaintiff later alleges that he is

> "a flesh and blood man (i.e. natural person); a sovereign American Citizen born in the Illinois Republic of America; not a subject of any State, nor political subdivision, or agency or instrumentality thereof;... [and that he] is an entity (i.e. legal person) corporate or otherwise, presumably created by the corporation State of Illinois."

(Id., pp. 2-3, ¶s 7 and 9.)

Most of the rest of Plaintiff's complaint consists of similarly incomprehensible averments.

As far as the Court can tell, Plaintiff is seeking a declaratory judgment. He "demands that the court adjudge" a long list of odd issues, including, for example –

---

[2] The Court notes that, in fact, Chapter 609 of the Minnesota Statutes is the state criminal code, and not a "commercial law."

> "(a) the relationship between Ronald Aaron McCord and State of Minnesota in its corporate/commercial capacity and otherwise; (b) the relationship between Ronald Aaron McCord and the entity RONALD AARON MCCORD; and (c) the relationship between the entity RONALD AARON MCCORD and State of Minnesota in its corporate/commercial capacity and otherwise."

(Id., p. 3.)

## II. DISCUSSION

Because Plaintiff is a prisoner, (see 28 U.S.C. § 1915A(c)), who is attempting to sue a governmental entity, (i.e., the State of Minnesota), his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental employees or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state an actionable claim, or attempts to state a claim against a party that is immune from being sued, it must be summarily dismissed. 28 U.S.C. § 1915A(b).

To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to a judgment against the defendant(s) under some cognizable legal theory. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal

3

courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Plaintiff's present complaint fails to state an actionable claim for relief, because it does not include any factual allegations describing anything that the named Defendant purportedly did, or failed to do, that could entitle Plaintiff to any judgment against Defendant. Plaintiff has not alleged any facts showing that the State of Minnesota itself did anything, (or failed to do anything), that would entitle Plaintiff to any judgment against the State of Minnesota. Indeed, Plaintiff has not alleged any facts at all; his complaint is merely a nonsensical concoction of legal jargon.

Furthermore, the only named Defendant, the State of Minnesota, is immune from being sued in federal court. It is well-settled that states and their agencies are immune from suit in federal court under the Eleventh Amendment, unless Congress has abrogated the state's immunity by some express statutory provision, or the state has consented to be sued. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66-67 (1989); Pugh v. Alabama, 438 U.S. 781, 782 (1978) (per curiam); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995). "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). This immunity applies "regardless of the nature of the relief sought." Id.

Plaintiff has not suggested that Congress has lifted Minnesota's Eleventh Amendment immunity for this case, nor has he suggested that the State has waived its immunity and consented to be sued in this case. Therefore, Plaintiff's lawsuit against the State of Minnesota is barred by the Eleventh Amendment.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to plead a cause of action on which relief can be granted, and that the only named Defendant is immune from being sued in this case. Therefore, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[3] He has not paid any part of the fee to date, so he still owes the full $350.00 at this time. Hennepin County Jail officials will have to deduct that amount from Plaintiff's trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). In addition, the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g). Finally, having determined that this case must be summarily dismissed, the Court will further recommend that Plaintiff's pending "Motion for Injunction," (Docket No. 4), be summarily denied.

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee upon the filing of an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion for Injunction," (Docket No. 4), be **DENIED**;

3. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

5. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."


Dated: June 12, 2008

                                             s/ *Franklin L. Noel*
                                             FRANKLIN L. NOEL
                                             United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 1, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.